UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK STAVELEY,

    Petitioner,

v.                                             CASE NO. 6:03-cv-950-Orl-18JGG

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner filed an amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 7), and Respondents filed a motion to dismiss the petition for failure to exhaust state court remedies (Doc. No. 12). The Court later entered an order granting the motion to dismiss and dismissing the case without prejudice (Doc. No. 15).

Petitioner appealed, and the Eleventh Circuit Court of Appeals entered a written, unpublished opinion reversing the order of dismissal and remanding the case with instructions to address the merits of the petition. *See* Doc. No. 24. The Court then entered an order requiring Respondents to file a response addressing the merits of the petition (Doc. No. 26). Thereafter, Respondents filed a response to the amended petition in accordance with the Court's instructions (Doc. No. 31). Petitioner then filed a reply (Doc. No. 34) and a supplemental reply (Doc. No. 36) to the response. Petitioner raises one claim in the instant petition: that he received ineffective assistance of counsel.

*Procedural History*

Petitioner was charged by information with DUI manslaughter. A jury trial was held, and Petitioner was found guilty as charged in the information. On August 18, 1998, the trial court adjudicated Petitioner guilty of DUI manslaughter and sentenced him to imprisonment for a term of twelve years.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed on August 27, 1999. Mandate was issued on November 19, 1999. Petitioner then filed a petition for discretionary review with the Supreme Court of Florida, which was denied on March 6, 2000.

On May 21, 2001, Petitioner, through counsel, filed a motion for postconviction relief with the state trial court, which entered an order on June 21, 2002, granting an evidentiary hearing as to one claim and denying all of the other claims. Subsequently, Petitioner moved to withdraw the remaining ground, and the trial court granted the request. Petitioner appealed the denial of his Rule 3.850 motion, and the state appellate court affirmed the denial *per curiam* on April 22, 2003. Mandate was issued on July 14, 2003.

On August 20, 2003, Petitioner, through counsel, filed a Rule 3.800 motion with the state trial court, which was denied on October 1, 2003. Petitioner appealed the denial, and the state appellate court treated the appeal as a petition for a writ of certiorari and denied it on January 16, 2004.

*Petitioner's Habeas Petition is Timely*

Respondents argue that the instant petition is untimely. However, the Court finds

that the petition was timely filed.

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, Petitioner's conviction became final under Florida law on March 6, 2000, when the Supreme Court of Florida denied his request for discretionary review. However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on June 4, 2000, which was ninety days after the denial of Petitioner's

3

request for discretionary review. *See* Sup. Ct. R. 13(3).[1] Petitioner then had until June 4, 2001, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was file-stamped by the Clerk's office on July 10, 2003, but was deemed filed on July 9, 2003, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his first motion for postconviction relief with the state trial court on May 21, 2001, 351 days of the one-year period had run. After those proceedings concluded (on July 14, 2003), Petitioner still had 14 days within which to file the instant habeas petition. Since Petitioner filed his initial habeas petition on July 9, 2003, it was timely filed.

*Ineffective Assistance of Counsel*

Petitioner contends the he received ineffective assistance of counsel because of the following: 1) counsel "failed to inquire if any of the prospective jurors knew" Petitioner's counsel; and 2) counsel failed to inform him of his right to be present during the challenges to the prospective jurors.

---

[1] United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

1.   *Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

(d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Consequently, if a claim was adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"[2] or "was based on an unreasonable determination of

---

[2] In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

   As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

5

the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Thus, this Court must consider four elements: (a) the governing legal principle relied upon by the state court; (b) whether the state court's decision was contrary to governing United States Supreme Court precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made a unreasonable determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see also* 28 U.S.C. § 2254(d).

    2.    *Governing Principle*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

    3.    *Discussion*

These two issues were raised in Petitioner's motion for postconviction relief. The trial court denied them on the merits, and the state appellate court affirmed the denial. The

Court finds that these issues must be denied under section 2254(d).

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state court's decision was not "contrary to" the governing legal authority.[3] The state court, which correctly identified *Strickland* as the controlling legal authority on claims of ineffective assistance of counsel, did not reach an opposite conclusion from the United States Supreme Court on a question of law. Additionally, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent.

Furthermore, the Court is unable to say that the trial court's application of *Strickland's* attorney performance standard was objectively unreasonable. As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application was unreasonable. *Id.* Under this demanding standard, the state court's determination that Petitioner did not show either deficient performance by his counsel or prejudice was reasonable.

In particular, Petitioner avers in issue one that counsel "failed to inquire if any of the prospective jurors knew" Petitioner's counsel. Petitioner states that the foreman of the jury

---

[3]The Court notes that a state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

"had been an adversary in a previous litigation matter with his counsel where he lost a half million dollar Arabian horse." Petitioner cites to an excerpt during the last day of trial in which Petitioner's counsel mentions to the trial judge that his "secretary" informed him that a juror "may" have been an "adverse party" in a prior, unrelated court proceeding. (Transcript of Trial at 654-55.) Petitioner's counsel also indicated that the juror "may have prejudice against me individually, if he is the Mr. Peacock we think he is." *Id.* at 655.

Petitioner's allegations with regard to this matter are speculative at best. Petitioner's counsel did not recognize the juror; rather, his administrative assistant thought she recognized the juror. Moreover, Petitioner's counsel believed that the juror "may" have been an adverse party in a prior court proceeding and that the juror "may have prejudice" against him. Certainly, Petitioner's counsel failed to indicate anything definitive about the juror. Finally, the jury was instructed that "the lawyers are not on trial. Your feelings about them should not influence your decision in this case." *Id.* at 790. Clearly, Petitioner did not show that counsel's conduct was deficient or that he sustained prejudice.

In issue two, Petitioner contends that counsel failed to inform him of his right to be present during the challenges to the prospective jurors. Petitioner acknowledges that he was in the courtroom during the proceedings but that he was not present at "the bench conference where examination of some of the jurors was taking place . . . ." However, the record reveals that the process of challenging jurors occurred in open court, not at a bench conference. *Id.* at 92-106. Petitioner could have raised any concerns or objections during the jury selection process, but he chose not to do so.

8

The Court finds that, with regard to each issue identified, trial counsel's conduct was reasonable and that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*.

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[4] "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002); *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000) (stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under § 2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); *see also* 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable. Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings. Because he has not

---

[4]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts. Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an unreasonable determination of the facts. Based on the foregoing, it is clear that claim one must be denied under section 2254(d).

Any of Petitioner's allegations that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Patrick Staveley is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this ___ day of August, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 8/4
Counsel of Record
Patrick Staveley